UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

---

NOAH PLANK and JOHN GARFOLO, on behalf of themselves and other individuals similarly situated,

                                                Plaintiffs,

            against

KANSAS STATE UNIVERSITY; KANSAS BOARD OF REGENTS; and other affiliated entities and individuals,

                        Defendants.

Case No. 2020-cv-02335

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

---

Named Plaintiffs Noah Plank and John Garfolo (hereinafter "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, allege the following upon information and belief, except for those allegations pertaining to Plaintiffs, which are based on personal knowledge.

**NATURE OF THE ACTION**

1.      This class action is brought on behalf of Named Plaintiff Noah Plank, Named Plaintiff John Garfolo, and those similarly situated who paid tuition and fees for the Spring 2020 semester at Kansas State University. As a result of Defendants' response to the Novel Coronavirus Disease 2019 ("COVID-19"), Plaintiffs did not receive the benefit and services that they bargained for when they provided payment for tuition and fees.

2.      Plaintiffs and Defendants entered into a contract where Plaintiffs would provide payment in the form of tuition and fees and Defendants would provide in-person educational services, experiences, opportunities, and other related services.

3.       On or around March 16, 2020, Kansas State University canceled all in-person

1

education and in-person educational services, then transitioned to complete online education.

4.       Based on these closures, Defendants have failed to uphold their end of the contract to provide in-person educational services, experiences, and opportunities.

5.       Despite Defendants' failure to provide the services and experiences as bargained for, Defendants have not offered any refund of the tuition and fees that Plaintiffs and the Class paid.

## FACTS

6.       Named Plaintiffs and Class Members are individuals that paid tuition and fees for the Spring Semester 2020 at Kansas State University.

7.       Defendants accepted Named Plaintiffs' and Class Members' payments in exchange for educational services, experiences, and opportunities as detailed in Defendants' marketing, advertisements, and other public representations.

8.       Based on the academic schedule, the Spring 2020 semester at Kansas State University commenced on or around Jan. 21, 2020, and it was scheduled to conclude on or around May 15, 2020.

9.       Named Plaintiff Noah Plank was a full-time undergraduate student in an engineering program during Spring 2020 semester. Kansas State University charged Named Plaintiff Plank approximately $5,407.92 in tuition and fees during the Spring 2020 semester, and Named Plaintiff Plank paid those tuitions and fees.

10.      Named Plaintiff John Garfolo was a full-time undergraduate student during the Spring 2020 semester. Kansas State University charged Named Plaintiff Garfolo more than $6,000 in tuition and fees during the Spring 2020 semester, and Named Plaintiff Garfolo paid those tuitions and fees, including through a student loan.

11.     Plaintiffs paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services for the entire period beginning in or around January 2020 through May 2020.

12.     According to publicly available information, the average tuition cost for in-state residents is $4,688.00 and $12,440.00 for out-of-state residents for the Spring 2020 semester at Kansas State University.

13.     On or around March 12, 2020, Kansas State University announced that because of COVID-19 they would suspend and cancel all in-person classes and college experiences for the remainder of the Spring Semester 2020 beginning on or around March 16, 2020 (following Spring Break recess) and that all learning would transition to online.

14.     Defendants were unable to provide in-person educational experiences, services, and opportunities for approximately 58% of the Spring 2020 semester.

15.     Prior to the suspension of in-person classes and educational experiences for the Spring 2020 semester, Plaintiff Plank utilized the gyms and lab facilities at Kansas State University, including the flight lab.

16.     Prior to the suspension of in-person classes and educational experiences for the Spring 2020 semester, Plaintiff Plank attended campus events and was involved in student activities and/or clubs.

17.     Prior to the suspension of in-person classes and educational experiences for the spring 2020, Plaintiff Garfolo utilized the gyms, labs, and library facilities at Kansas St.

18.     As a result of Defendants' closure, Defendants have not complied with their obligation to provide in-person educational services along with other experiences, opportunities, and services Plaintiffs and the Class paid for.

19.     Named Plaintiffs and the Class did not enter into an agreement with Defendants for online education, but rather sought to receive in-person education from Defendants' institution.

20.     Therefore, Named Plaintiffs and Class Members are entitled to a pro-rata refund of the tuition and fees they paid to Defendants for in-person educational services as well as other marketed collegiate experiences and services that were not provided.

## JURISDICTION AND VENUE

33.     This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

34.     This court has personal jurisdiction over Defendants because Defendants maintain their principal place of business in this District.

35.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants operate their primary campus within this District.

## PARTIES

36.     Named Plaintiff Plank is a resident of Saline County, Kansas. Plaintiff was enrolled as a full-time undergraduate student at Kansas State University during the Spring 2020 semester. Plaintiff graduated at the conclusion of the semester. Plaintiff has not received any refund for tuition and fees paid to Defendants, despite the fact that the University has been shut down since on or about March 16, 2020.

4

37.     Named Plaintiff Garfolo is a resident of Saline County, Kansas. Plaintiff was enrolled as a full-time undergraduate student at Kansas State University during the Spring 2020 semester. Plaintiff graduated at the conclusion of the semester. Plaintiff has not received any refund for tuition and fees paid to Defendants, despite the fact that the University has been shut down since on or about March 16, 2020.

38.     Kansas State University was established as a land-grant college in Manhattan, Kansas in 1863 and eventually opened satellite campuses in Salina and Olathe.

39.     Defendant Kansas Board of Regents ("Board of Regents") is a constitutional entity that coordinates the board of control for the entire State of Kansas whose principal place of business is located at 1000 SW Jackson Street, Suite 520, Topeka KS 66612-1368.

40.     Upon information and belief, the Board of Regents makes all relevant decisions with regard to the cancellation and closures of classes and decisions regarding the refund of tuition and fees at Kansas State University.

## CLASS ALLEGATIONS

41.     Plaintiffs bring this matter on behalf of themselves and those similarly situated. As detailed in this Complaint, Defendants failed to provide the in-person education services the Plaintiffs paid tuition and fees to receive during the Spring Semester 2020.

42.     Plaintiffs were impacted by and damaged by this unjust conduct.

43.     Accordingly, this action is ideally situated for class-wide resolution.

44.     The Class is defined as all individuals who paid tuition and fees to Kansas State University to receive in-person educational services, experiences, and opportunities during the Spring Semester 2020. ("Class").

45.     The Class is properly brought and should be maintained as a class action under

FRCP 23 satisfying the class action prerequisites of numerosity, commonality, typicality, and

adequacy because:

46.     <u>Numerosity</u>: Class Members are so numerous that joinder of all members is

impracticable. Plaintiffs believe that there are thousands of individuals who are Class

Members described above who have been damaged by Defendants' breach of contract.

47.     <u>Commonality</u>: The questions of law and fact common to the Class Members

which predominate over any questions which may affect individual Class Members include,

but are not limited to:

      a.  Whether Defendants accepted money from Plaintiffs and Class Members
          in exchange for a promise to provide services;
      b.  Whether Defendants provided those services as bargained for;
      c.  Whether Plaintiffs and the Class Members are entitled to a pro-rata portion
          of the tuition and fees paid for services that were not provided.;
      d.  Whether Defendants were unjustly enriched;
      e.  Whether Defendants converted money from the Plaintiffs and Class
          Members.

48.     <u>Typicality</u>: Plaintiffs are members of the Class. Plaintiffs' claims are typical of the

claims of each Class Member in that every member of the Class was subject to Defendants' breach

of contract, unjust enrichment and conversion. Plaintiffs are entitled to relief under the same causes

of action as the other Class Members.

49.     <u>Adequacy</u>: Plaintiffs are adequate Class representatives because their interests do

not conflict with the interests of the Class Members they seek to represent; their claims are

common to all members of the Class, and they have a strong interest in vindicating their rights;

they have retained counsel competent and experienced in complex class action litigation and they

intend to vigorously prosecute this action. Plaintiffs have no interests which conflict with those of

the Class. The Class Members' interests will be fairly and adequately protected by Plaintiffs and

6

their counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiffs and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

50.     The Class is properly brought and should be maintained as a class action under FRCP 23 because a class action is superior to traditional litigation of this controversy. Common issues of law and fact predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' unjust practices.

51.     In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia:*

52.     Superiority: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive-if not totally impossible-to justify individual actions;

    c. When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Class and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f. This class action will assure uniformity of decisions among Class Members;

    g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

    h. Class Members' interests in individually controlling the prosecution of

separate actions are outweighed by their interest in efficient resolution by single class action; and

i.   It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendants' unjust practices.

53.   Accordingly, this Class is properly brought and should be maintained as a class action under FRCP 23 because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

54.   Plaintiffs and the Class can maintain this action as a class action under FRCP 23(b)(1), (2), and (3).

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### (On Behalf of Plaintiffs and All Class Members)

55.   Plaintiffs, on behalf of themselves and other members of the class, bring a common law claim for Breach of Contract.

56.   By accepting payment, Defendants entered into contractual arrangements with Plaintiffs and Class Members to provide educational services, experiences, opportunities, and related services for the Spring Semester 2020.

57.   Named Plaintiffs and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services from January through May 2020.

58.   Named Plaintiffs and Class Members made such tuition and fees payments, and made such financial arrangements to ensure that the full amount of tuition and fees were paid.

59.   Defendants received and retained the benefits without providing those benefits to Plaintiffs and Class Members.

60.   Named Plaintiffs were unable to access and utilize educational systems, including

8

labs and other similar facilities, that were essential to their educational experience and opportunities.

61.      As a direct and proximate result of Defendants' breach of contract, Plaintiffs and Class Members have been harmed by not receiving the educational experiences, opportunities, and services they paid for during the Spring Semester 2020.

62.      Defendants are required to perform under the contract and COVID-19 does not excuse such performance. Therefore, Defendants should be required to return pro-rata shares of the tuition and fees paid by Plaintiffs and Class Members that related to services that were not provided for after Kansas State University shut down on or around March 16, 2020.

## SECOND CAUSE OF ACTION
### CONVERSION
### (On Behalf of Plaintiffs and All Class Members)

63.      Plaintiffs, on behalf of themselves and other members of the Class, bring a common law claim for Conversion.

64.      Plaintiffs and Class Members have an ownership right to the in-person educational services based on their payment of tuition and fees for the Spring Semester 2020.

65.      Defendants intentionally interfered with Plaintiffs and the Class Members ownership right when they canceled in-person instructions for the remainder of the Spring Semester 2020.

66.      Plaintiffs and the Class Members were damaged by Defendants' interference as they paid for educational, experience, and services for the entirety of the Spring Semester 2020 which were not provided.

67.      Plaintiffs and the Class Members are entitled to a pro-rata share of the tuition and

fees they paid for but were not provided resulting from Defendants' interference.

## THIRD CAUSE OF ACTION
## COMMON LAW UNJUST ENRICHMENT
### (On Behalf of Plaintiffs and All Class Members in the Alternative)

68.     Plaintiffs, on behalf of themselves and other members of the class, brings a common law claim for unjust enrichment.

69.     Plaintiffs and Class Members conferred financial benefits and paid substantial tuition and fees to Defendants for educational and related services for the Spring Semester 2020. As bargained for these tuition and fee payments were intended to cover in-person education throughout the entire Spring Semester 2020 of January through May 2020.

70.     Defendants accepted the obligation to provide such services when they accepted payment.

71.     Defendants retained these payments, despite Defendants' failure to provide the bargained for education, experiences, and services for which the tuition and fees were collected to cover. Defendants should be required to return a pro-rate share of any Spring Semester 2020 tuition and fees, of which services were not provided as bargained for, since Kansas State University shut down on or around March 11, 2020.

72.     Under common law principles of unjust enrichment, it is inequitable for Defendants to retain the benefits conferred by Plaintiffs and Class Members' overpayments.

73.     Plaintiffs and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiffs and Class Members may seek restitution.

## DEMANDS FOR RELIEF

10

74.     Plaintiffs demand a trial by jury on all issues.

**WHEREFORE,** Plaintiffs, on behalf of themselves and the Class, pray for judgment as

follows:

(a)     Declaring this action to be a proper class action and certifying

Plaintiffs as the representatives of the Class under FRCP 23;

(b)     Awarding monetary damages, including damages;

(c)     Awarding punitive and treble damages;

(d)     Awarding Plaintiffs and Class Members their costs and expenses incurred in

this action, including a reasonable allowance of attorney's fees for Plaintiffs'

attorneys and experts, and reimbursement of Plaintiffs' expenses; and

(f)     Granting such other and further relief as the Court may deem just and proper.


Dated: July 6, 2020

Respectfully submitted,

**JOSEPH, HOLLANDER & CRAFT LLC**

By:     /s/ Christopher M. McHugh
Christopher M. McHugh (19889)
cmchugh@josephhollander.com
Christopher M. Joseph (19778)
cjoseph@josephhollander.com
Andrew J. Goodwin (25819)
agoodwin@josephhollander.com
926 Cherry St., Suite 200
Kansas City, Missouri 64106
T: (816) 297-0800
F: (816) 787-1379

&

12

**THE SULTZER LAW GROUP, P.C.**

Jason P. Sultzer, Esq.
Adam Gonnelli, Esq.
Jeremy Francis, Esq.
sultzerj@thesultzerlawgroup.com
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Telephone: (854) 705-9460
**(to apply Pro Hac Vice)**

&

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrownl@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com
**(to apply Pro Hac Vice)**

*Counsel for Plaintiffs and the Putative Class*